**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

**STANDING ORDER FOR**
**MAGISTRATE JUDGE DONNA M. RYU**
*(Revised February 22, 2011)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal

Procedure, the Northern District of California's Local Rules and General Orders, and this

standing order, all of which are available at http://www.cand.uscourts.gov. The parties' failure to

comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry

of judgment, or other appropriate sanctions.

## CALENDAR DATES AND SCHEDULING

1.      Criminal motions are heard on the second and fourth Thursdays of the month at 11:00

a.m., or during the regular criminal calendar when Judge Ryu is on criminal calendar duty.  Civil

motions are also heard on the second and fourth Thursdays of the month at 11:00 a.m. Civil case

management and status conferences are heard on Wednesdays at 1:30 p.m.  Civil pretrial

conferences are heard on Wednesdays at 3:00 p.m.

2.      Parties should notice motions (other than discovery motions) pursuant to the local rules.

Parties need not reserve a hearing date, but should confirm the Court's availability at

http://www.cand.uscourts.gov.  The Court may reset hearing dates as the Court's calendar

requires.

3.      For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia at (510)

637-3639.

## CONSENT CASES

1

4.      In civil cases that are randomly assigned to Judge Ryu for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes or their written declination of consent *as soon as possible,* and in no event later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

## CHAMBERS COPIES AND PROPOSED ORDERS

5.      Under Civil L.R. 5-1(b), parties must lodge an extra paper copy of any filing and mark it as a copy for "Chambers."  Please three-hole punch the chambers copy and submit it to the Oakland Clerk's Office.  In a case subject to electronic filing, chambers copies must be submitted by the close of the next court day following the day the papers are filed electronically.

6.      Any stipulation or proposed order in a case subject to e-filing should be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed.  This address should only be used for this stated purpose unless otherwise directed by the Court.

## CIVIL CASE MANAGEMENT

7.      No later than seven (7) days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's general standing order for civil cases entitled "Contents of Joint Case Management Statement," a copy of which is attached hereto.

8.      Parties may not stipulate to continue a case management, status, or pretrial conference without Court approval.  Each party shall be represented **in person** at the Case Management Conference by lead trial counsel (or a party if *in pro se*), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's general standing order on Joint

Case Management Statements; and (2) have full authority to enter stipulations and make

admissions pursuant to that order.  Permission for a party to attend by telephone may be granted,

in the Court's discretion, upon written request made at least two weeks in advance of the hearing

if the Court determines that good cause exists to excuse personal attendance, and that personal

attendance is not needed in order to have an effective conference.  The facts establishing good

cause must be set forth in the request.

9.      All case management, status and pretrial conferences are audio recorded.  They are not

reported by a court reporter unless counsel requests a court reporter in advance.

## CIVIL DISCOVERY

### Discovery Disputes

10.      In order to respond to discovery disputes in a flexible, cost-effective and efficient

manner, the Court uses the following procedure.  The parties shall not file formal discovery

motions.  Instead, as required by the federal and local rules, the parties shall first meet and confer

to try to resolve their disagreements.  The meet and confer session must be *in person or by

telephone,* and may not be conducted by letter, e-mail, or fax.  If disagreements remain, the

parties shall file a joint letter no later than five (5) business days after the meet and confer

session.  **Lead trial counsel for both parties must sign the letter**, which shall include an

attestation that the parties met and conferred in person or by telephone regarding all issues prior

to filing the letter.  Going issue-by-issue, the joint letter shall describe each unresolved issue,

summarize each party's position with appropriate legal authority; and provide each party's final

proposed compromise before moving to the next issue.  The joint letter shall not exceed ten (10)

pages without leave of Court.  In the rare instance that a joint letter is not possible, each side may

submit a letter not to exceed four (4) pages, which shall include an explanation of why a joint

letter was not possible.  When appropriate, the parties may submit one exhibit to the letter that

sets forth each discovery request at issue in full, followed immediately by the objections and/or

responses thereto.  No other information shall be included in any such exhibit.  No other exhibits

shall be submitted without prior approval by the Court.  The Court will review the submission(s)

and determine whether formal briefing or proceedings are necessary.

11.      In emergencies during discovery events (such as depositions), any party may, after

exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to

Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy.  If the Court is

unavailable, the discovery event shall proceed with objections noted for the record.

12.       In the event that a discovery hearing is ordered, the Court has found that it is often

efficient and beneficial for the parties if counsel appear ***in person***.  This provides the

opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute

while remaining available to rule on any disputes that counsel are not able to resolve.  For this

reason, the Court expects counsel to appear in person.  Permission for a party to attend by

telephone may be granted, in the Court's discretion, upon written request made at least two

weeks in advance of the hearing if the Court determines that good cause exists to excuse

personal attendance, and that personal attendance is not needed in order to have an effective

discovery hearing.  The facts establishing good cause must be set forth in the request.

**Privilege Logs**

13.      If a party withholds information that is responsive to a discovery request by claiming that

it is privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and

provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed.R.Civ.P. 26(b)(5). The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

> (a) the title and description of the document, including number of pages or Bates-number range;
>
> (b) the subject matter addressed in the document;
>
> (c) the identity and position of its author(s);
>
> (d) the identity and position of all addressees and recipients;
>
> (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and
>
> (f) the specific basis for the claim that the document is privileged or protected.

Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

IT IS SO ORDERED.

_____
DONNA M. RYU
United States Magistrate Judge

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9.  The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.